IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES S. PRUETT | § | |
| v. | § | CIVIL ACTION NO. 6:10cv84 |
| SHERIFF PAT BURNETT, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff James Pruett, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights during his confinement in the Van Zandt County Jail This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Pruett complains that the indigent commissary rules in the Van Zandt County Jail are "unfair if not illegal," that certain items such as hygiene supplies are supposed to be given to indigent inmates without charge but instead inmates are "back-charged" for them, the jail overcharges for commissary items, he had to pay for five visits to the jail medical personnel even though all of the visits were for the same complaint, and on one occasion, a letter to him from a medical laboratory was opened and read outside of his presence.

After review of the pleadings, the Magistrate Judge issued a Report on April 5, 2010, recommending that the lawsuit be dismissed as frivolous. The Magistrate Judge stated that allegations that prisoners are being overcharged at the commissary do not rise to the level of constitutional claims, the back-charging of items to an inmate's account also does not set out a constitutional claim, the fact that he had to pay to see the medical staff did not set out a constitutional

1

claim, and the single incident of opening his letter also did not violate any constitutional rights. The Magistrate Judge therefore recommended that Pruett's lawsuit be dismissed.

Pruett filed objections to the Magistrate Judge's Report on April 19, 2010. In his objections, Pruett says that the jail rule book says that there is supposed to be no charge for indigent mail and hygiene supplies, and that indigent hygiene supplies are supposed to be passed out every two weeks which they are not. He complains that the jail limits indigent mail and that the jail makes a profit on the stamps it sells even though it is illegal to make a profit by selling stamps or to charge sales tax on stamps.

Pruett complains that he saw the physician's assistant five weeks in a row for an ingrown toenail and was charged $30.00 for each visit, even though it could have been taken care of the first time. He says that he was finally sent to a free-world doctor to have the toenail removed. He also had to have blood tests run twice and was charged $30.00 for each visit as well as for the tests themselves.

In conclusion, Pruett says that Van Zandt County is violating the law by making a profit on stamps and charging sales tax on them, that prisoners should not be charged repeatedly for seeing the doctor for on-going problems, and that the jail should not profit on indigent supplies by making inmates sign commissary slips for them when the items are supposed to be at no cost. He also adds a claim that the law library books are out of date so that he cannot look anything up. For relief, Pruett seeks five million dollars in punitive damages.

Pruett's objections are without merit. Even if the Van Zandt County Jail is violating its own rules by charging inmates for hygiene items, a violation of jail rules alone is not sufficient to rise to the standards of a constitutional claim. <u>Myers v. Klevenhagen</u>, 97 F.3d 91, 94 (5th Cir. 1996); <u>Hernandez v. Estelle</u>, 788 F.2d 1154, 1158 (5th Cir. 1986). The fact that he believes that he is being overcharged at the commissary, for hygiene supplies and pre-stamped envelopes, does not state a constitutional claim, nor does his contention that the jail requires inmates to pay for hygiene supplies by back-charging them. As the Magistrate Judge correctly observed, there is nothing

unconstitutional or even unusual about having to pay to see a doctor, even when a person has multiple doctor visits for the same complaint. Pruett does not deny that he received medical care; he states that he saw the physician's assistant five times and then was taken to an outside hospital.

Finally, Pruett complains that the books in the law library are outdated, a claim he raises for the first time in his objections to the Magistrate Judge's Report. The Fifth Circuit has stated that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994). His contention concerning the law library is not properly before the Court and thus may be dismissed, albeit without prejudice.[1]

The Court has conducted a careful *de novo* review of the pleadings in this cause, as well as the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice as to the Plaintiff's claims concerning the law library at the Van Zandt County Jail, which claims were raised for the first time in his objections to the Report of the Magistrate Judge, and DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted as to all other claims raised in this lawsuit. 28 U.S.C. §1915A. It is further

---

[1] Although Pruett was not given the opportunity to amend his complaint, a review of his complaint and objections show that he pleaded his best case and so leave to amend was not required. *See* Brewster v. Dretke, 587 F.3d 764, 768 (5th Cir. 2009) (granting leave to amend is not required if the plaintiff has already pleaded his best case).

ORDERED that any and all motions which may be pending in this action are hereby DENIED.  Finally, it is

ORDERED that the Clerk shall provide a copy of this opinion to the Administrator of the Three Strikes List for the Eastern District of Texas.

**So ORDERED and SIGNED this 13th day of May, 2010.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**